# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THEODORE ANTHONY RENEAU, )
                                            )
                  Petitioner, )
                                            )
              v.                          )         1:11CV148
                                            )
UNITED STATES OF AMERICA, )
                                            )
                  Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal detainee facing deportation due to prior criminal convictions in Forsyth County in the State of North Carolina, has filed what is labeled as a "Petition for Writ of Error Coram Nobis" in the "United States District Court of the State of North Carolina Forsyth County." In that petition, he seeks to have his prior state court convictions vacated because of alleged constitutional violations. A review of the document suggests that Petitioner is confused. This court is a federal court, not a state court, and cannot directly review criminal convictions from the state courts. Nor can petitions for writs of error coram nobis be used to review state criminal convictions in federal court. *In re Egan*, 339 Fed. Appx. 314, (4th Cir. July 27,2009) (citing cases). Instead, any review in this court would have to be brought pursuant a petition for a writ of habeas corpus under 28 U.S.C. § 2254 or, perhaps, 28 U.S.C. § 2241. Even then, such a petition could only be brought if Petitioner first exhausted all available remedies in the state courts. For that reason, his current petition should be dismissed without prejudice to Petitioner filing a new petition on the proper habeas

corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, after he has exhausted any state court remedies. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow once he has exhausted matters in the state courts.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition after he has exhausted his state court remedies.

_____
**Wallace W. Dixon, U. S. Magistrate Judge**

February 28, 2011